**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LANA WHEATON,

       Plaintiff,                     CASE NO. 00-74656

v.                                            PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

NORTH OAKLAND MEDICAL CENTER,

       Defendant,
_____/

## OPINION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

This matter is before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law on Plaintiff's claim that she was subjected to a racially hostile work environment. On November 3, 2005, the jury returned a verdict in favor of Plaintiff on her hostile work environment claim. The jury's verdict consisted of $50,000 in compensatory damages and $50,000 in punitive damages.

Viewing the evidence in a light most favorable to Plaintiff, the Court denies Defendant's Renewed Motion for Judgment as a Matter of Law on Plaintiff's racially hostile work environment claim.

**FACTS**

On July 9, 2002, a jury trial commenced in this Court on Plaintiff's sole claim that Defendant violated her civil rights pursuant to Title VII of the Civil Rights Act. Specifically, Plaintiff claimed that she was subjected to a hostile work environment in violation of 42 U.S.C.

1

§ 200e-2. On July 11, 2002, the case was submitted to the jury. On the same date, the jury returned a verdict in favor of Plaintiff, awarding Plaintiff $325,000 in compensatory damages and $675,000 in punitive damages. Judgment was entered by the Court on July 12, 2002, and Defendant appealed to the United States Court of Appeals for the Sixth Circuit.

On May 10, 2005, the Sixth Circuit remanded the instant case for a new trial based upon this Court's exclusion of three defense witnesses. The second trial commenced on October 27, 2005. In the second trial, the jury awarded Plaintiff $50,000 in compensatory damages and $50,0000 in punitive damages.

Defendant filed the instant motion on November 10, 2005. Plaintiff filed a response on December 7, 2005, and Defendant filed its reply on December 14, 2005.

Defendant argues that the Plaintiff did not present evidence sufficient to support a finding that Plaintiff was subjected to a racially hostile work environment. Further, Defendant argues that Plaintiff did not present evidence sufficient to support an award of punitive damages. Plaintiff responds that she presented sufficient evidence to support a finding of a racially hostile work environment. Further, Plaintiff claims that in a light most favorable to her, the jury could have reasonably concluded that Defendant demonstrated a reckless disregard for the Plaintiff's rights.

**ANALYSIS**

    **a.    Standard**

Under the Federal Rules of Civil Procedure 50(b):

> The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment - - and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:

>   (1) if a verdict was returned:
>   (A) allowed the judgment to stand,
>   (B) order a new trial, or
>   (C) direct entry of judgment as a matter of law; or
>
>   (2) if no verdict was returned;
>   (A) order a new trial, or
>   (B) direct entry of judgment as a matter of law.

FED. R. CIV. P. 50(b). When evaluating a Rule 50(b) motion, the evidence should not be weighed, and the credibility of the witnesses should not be questioned. *Conwood Co. v. United States Tobacco Co.*, 290 F.3d 768, 781 (6th Cir. 2002). Judgment as a matter of law "may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001); *see also Noble v. Brinker Int'l, Inc.,* 391 F.3d 715, 720 (6th Cir. 2004).

A renewed motion for judgment as a matter of law is appropriate where the evidence produced at trial fails to establish an element necessary to plaintiff's cause of action. *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1343 (6th Cir. 1992). Thus, while the district court has the duty to intervene in appropriate cases, the jury's verdict should not be disturbed simply because different inferences and conclusions could have been drawn or because other results are more reasonable. Further, a jury verdict should not be overturned as excessive if the verdict is within the range of proof, and the jury was properly instructed. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 970 F.2d 1461, 1470 (6th Cir. 1992).

    **b.**    **Discussion**

Having considered the entire record, the Court finds that there was sufficient evidence

for the jury's verdict and the jury's verdict represents their evaluation of the evidence in the case.

Defendant argues that Plaintiff failed to set forth evidence sufficient to support a finding that she was subjected to a racially hostile work environment. Defendant supports this argument by contending that (1) Plaintiff cannot support the heightened standard required to prove a reverse racially hostile work environment claim, and; (2) Plaintiff failed to demonstrate that there was severe or pervasive harassment.

Regarding the heightened standard requirement, Defendant cites *Pierce v. Commonwealth Life*, where the court found that "[a] prima facie case of 'reverse discrimination' is established upon a showing [1] that 'background circumstances support the suspicion that the defendant is the unusual employer who discriminates against the majority,' and upon a showing [2] that the employer treated differently employees who were similarly situated but not members of the protected class." 40 F.3d 796, 801 (6th Cir. 1994) (internal citations omitted). This Court notes that the above standard is used to decide whether a claim survives summary judgment. In addition, the Court denied Defendant's Motion for Summary Judgment on its hostile work environment claim on October 22, 2001, (Docket No. 16), thus finding that Plaintiff met her *prima facie* burden.

Nevertheless, Defendant correctly contends that a court may consider the *prima facie* case when determining whether Plaintiff has proven a racially hostile work environment on a judgment as a matter of law motion, as long as it bears on the ultimate issue of discrimination. *Noble*, 391 F.3d at 727. The Court finds that Plaintiff met the heightened standard of a reverse discrimination plaintiff as she alleged she was a numerical minority in her department and she

4

was subjected to racially motivated harassment by her co-workers and supervisor, who were African-American. Based on this evidence, a jury could conclude that Defendant is an "unusual employer who discriminates against the majority" and that Plaintiff was treated differently than her African-American co-workers.

Further, under Defendant's claim that Plaintiff failed to put forth sufficient evidence to support a racially hostile work environment claim, Defendant also asserts that Plaintiff did not meet the legal requirements that the alleged conduct be severe or pervasive. In making this argument, Defendant again asks the Court to consider the *prima facie* case when determining whether Plaintiff has proven a racially hostile work environment. Courts look to the totality of the circumstances when determining whether conduct is severe or pervasive. *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463 (6th Cir. 2000).

The Court finds that there was sufficient evidence to support the jury's verdict that a hostile work environment existed and that the conduct was severe or pervasive. Disregarding the incidents which did not involve Plaintiff's race and the testimony of a negative atmosphere, the remaining evidence is still sufficient to support the jury's verdict. At trial, Plaintiff testified that she was subjected to racial remarks and threats of physical violence while at work. Plaintiff also received at least two threatening notes left on her car and an offensive email. Furthermore, Plaintiff had altercations with two African-American co-workers, which included racial epithets directed at Plaintiff. In addition to the racial epithets, an incident involving one of Plaintiff's co-workers also included a threat of physical violence to Plaintiff.

As a result of these incidents, Plaintiff's car was moved to a secure lot, but no employee received disciplinary action. Though Defendant offered to transfer Plaintiff to another position

outside of her current department, that position offered less pay than Plaintiff's position at the time of the incidents. Based on the above evidence, a reasonable jury could have found that Defendant's response to the discrimination was inadequate, and that the lack of disciplinary actions coupled with the offer of transfer to a position of less pay showed Defendant's support of the discriminatory conduct.   Accordingly, the totality of the circumstances indicate the jury had sufficient evidence to conclude that the conduct in question was severe or pervasive.

With respect to Defendant's claim that Plaintiff failed to provide sufficient evidence to support a claim for punitive damages, Defendant argues that Plaintiff failed to produce sufficient evidence of willfulness, malice or reckless indifference on the part of the defendant.  Plaintiff argues that Defendant allowed an environment to exist where African-American employees felt comfortable enough to use racially offensive language in the workplace.

The fact that at least four racially motivated incidents occurred within a two-year period, paired with Defendant's lack of disciplinary actions and its offer to "transfer" Plaintiff to a lower paying position, supports the punitive damages awarded here.

Accordingly, viewing the evidence in the light most favorable to Plaintiff, there was genuine issue of material fact for the jury, and a reasonable jury could come to a conclusion favoring Plaintiff and awarding her punitive damages.

**CONCLUSI0N**

For the reasons stated above, the Court DENIES Defendant's Renewed Motion for Judgment as a Matter of Law.

**SO ORDERED.**

>  s/Paul D. Borman
>  PAUL D. BORMAN
>  UNITED STATES DISTRICT JUDGE

Dated: January 6, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 6, 2006.

>  s/Jonie Parker
>  Case Manager