## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LANA WHEATON,

                 Plaintiff,              Case Number: 00-74656

v.                                   JUDGE PAUL D. BORMAN
                                   UNITED STATES DISTRICT COURT

NORTH OAKLAND MEDICAL
CENTERS,

                 Defendant.
_____ /

### ORDER (1) GRANTING DEFENDANT'S MOTION TO
### STAY JUDGMENT PENDING APPEAL (Doc. No. 116); (2) STAYING PLAINTIFF'S
### MOTION FOR ATTORNEY FEES, COSTS, AND REQUEST TO REINSTATE
### $300,000.00 VERDICT (Doc. No. 101); AND (3) STAYING DEFENDANT'S MOTION
### FOR SANCTIONS (Doc. No. 114)

Now before the Court is Defendant's Motion for a Stay of Proceedings to Enforce

Judgment Pending Appeal, filed on February 3, 2006.  Having considered the entire record, and

for the reasons that follow, the Court grants Defendant's motion.

On November 2, 2005, a jury returned a verdict in favor of Plaintiff in the total amount of

$100,000, consisting of $50,000 in compensatory damages and $50,000 in punitive damages.

This Court entered a judgment on November 3, 2005, based upon the jury verdict.[1]  On January

6, 2006, this Court denied Defendant's Renewed Motion for Judgment as a Matter of Law.

Defendant now moves the Court to stay the judgment pending its appeal of the Rule 50 motions

---

[1] Defendant moved for judgment as a matter of law pursuant to Rule 50(a) at the close of Plaintiff's case-in-chief and at the close of all evidence.  The Court denied both of Defendant's oral motions from the bench.

to the Sixth Circuit, pursuant to Federal Rule of Civil Procedure 62(d).  Defendant additionally requests that the Court stay its decisions regarding motions currently ending before the Court during its appeal.

Rule 62(d) provides:

"When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court."

The exceptions to a stay obtained pursuant to Rule 62(d) are namely, "interlocutory or final judgment[s] in an action for an injunction or in a receivership, or a judgment or order directing an accounting in an action for infringement of letters patent."  FED. R. CIV. P. 62(a).  Those exceptions are not relevant in the instant case.

Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay of judgment pending appeal, as a matter of right, by posting an adequate supersedeas bond.[2]  FED. R. CIV. P. 62(d); *Arban v. West Publishing Corp*., 345 F.3d 390, 409 (6th Cir. 2003).  "The bond requirement is designed to preserve the status quo and to protect an appellee from possible economic harm caused by delayed enforcement of the final judgment." 1991 U.S. Dist. LEXIS 2681, *2-*3 (W.D. Mich. Feb. 22, 1991) (unpublished).  "Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." *Hebert v. Exxon Corp*., 953 F.2d 936, 938 (5th Cir. 1992).  Normally, an adequate

---

[2] Where Rule 62 provides for a discretionary stay, its terms make that clear: "the court in its discretion may suspend, modify, restore, or grant an injunction." FED. R. CIV. P. 62(c).

bond is one which is equal to the amount of the judgment, although a federal district court has

discretion to set the amount of bond or waive the requirement altogether.  *Id*.

The Court finds that Defendant requests a stay of a money judgment pending its appeal.

Further, the bond offered by Defendant is equal to the amount awarded at trial.  Additionally, the

judgement which Defendant requests the Court to stay is the judgement for which Defendant is

appealing.  Therefore, the Court finds that Defendant meets the requirements of Rule 62(d).

Accordingly, the Court GRANTS Defendant's Motion to Stay Judgment Pending Appeal

The Court also STAYS its decisions on (1) Plaintiff's Motion for Attorney Fees, Costs, and

Requests to Reinstate $300,000 Verdict, and (2)Defendant's Motion for Sanctions, pending

Defendant's appeal.

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 21, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
July 21, 2006.


s/Denise Goodine
Case Manager

3